IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CITIBANK, N.A., *as trustee for* American Mortgage Investment Trust 2004-3, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-17-1172 |
| HOWARD BERLINER *et al.*, | * | |
| Defendants | * | |

## MEMORANDUM AND ORDER

### I. Background

Pending before the Court is a Motion to Vacate or Set Aside Default (ECF No. 32) signed by *pro se* Defendants Howard Berliner, Deborah Keehner Griffitts, and John Keehner.[1] The motion has been opposed by Plaintiff Citibank, N.A., as trustee for American Mortgage Investment Trust 2004-3 ("Citibank") (ECF No. 36), and no reply has been filed. No hearing is required. Local Rule 105.6 (D. Md. 2018). The motion will be denied.

### II. Procedural History

This case was filed for the sole purpose of correcting a deed of trust to reflect the true grantor's name, *i.e.*, Baltimore Homes, LLC ("Baltimore Homes"); the deed of trust indicated it was granted in 2004 by the now-deceased sole member of Baltimore Homes, but was signed by

---

[1] It is also purportedly signed by "Baltimore Homes, LLC." Corporate and organizational entities may not appear *pro se* in this Court. They must be represented by counsel. Moreover, none of the individual *pro se* Defendants can represent Baltimore Homes. Local Rule 101.1.a (D. Md. 2018). The Clerk will be directed to amend the docket to reflect that the motion is filed only by the three named individual Defendants.

her in her individual capacity and not on behalf of Baltimore Homes. (Compl., ECF No. 1.) That entity and the three individuals named above were joined as Defendants. Baltimore Homes was served on July 28, 2017, by substitute service on Maryland's State Department of Assessments and Taxation ("SDAT"). (ECF No. 7.) Griffitts was served on August 10, 2017, at her residence by delivery of process to William Griffitts at the same address; the process server described the age of Mr. Griffitts as 63. (ECF No. 10.) On September 12, 2017, Citibank moved for alternative service upon Berliner and Keehner based upon proof of evasion of service at their residential addresses. (ECF No. 15.) The Court granted the motion, authorizing Citibank to serve them by mailing and posting at their last known addresses. (ECF No. 18.) Proofs of service on these two Defendants were filed, and they showed service occurred on both on September 17, 2017. (ECF Nos. 20, 21.) Because of an apparent mix-up with the process server and SDAT, the latter agency on September 26, 2017, returned the "Service of Notice" for Baltimore Homes because of nonpayment of the service fee; consequently, Citibank requested an extension of time to serve Baltimore Homes. (ECF No. 22.) The request was granted (ECF No. 23), and Baltimore Homes was duly served on October 5, 2017, by substitute service on SDAT (ECF No. 27.)

None of the Defendants filed a response to Citibank's complaint, and Citibank, accordingly, filed and served upon all four Defendants a motion for default judgment. (ECF No. 30.) The motion was granted, and default judgment was entered against all four Defendants on January 3, 2018. (ECF No. 31.) The current motion was filed January 3, 2019. (ECF No. 32.)

### *III. Standard for Motion to Vacate a Final Judgment*

Federal Rule of Civil Procedure 55(c) states a court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Rule 60(b) permits a

court to relieve a party of a final judgment if the party establishes one of the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

If a judgment is entered without proper service on a defendant, then the judgment is void for lack of personal jurisdiction. *See Koehler v. Dodwell*, 152 F.3d 304, 306-07 (4th Cir. 1998) ("Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant. Moreover, any judgment entered against a defendant over whom the court does not have personal jurisdiction is void." (citation omitted)), *cited in Flores v. Envtl. Trust Sols., Inc.*, Civ. No. PWG-15-3063, 2018 U.S. Dist. LEXIS 82186, at *6-7 (D. Md. May 16, 2018). Thus, Defendants may receive relief under Rule 60(b)(4) if they were not properly served with process in this case. "Unlike the other grounds under Rule 60(b), a void judgment can be set aside at any time, and the movant need not establish a meritorious defense." *Girardi v. Heep*, 203 F.3d 820, 2000 WL 1287, at *2 (4th Cir. 1999) (unpublished) (citing *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 (5th Cir. 1988)). As a result, timeliness of a motion to set aside a default judgment is not an issue if the judgment is void.

## *IV. Analysis*

The current motion by Berliner, Griffitts, and Keehner claims the default judgment should be set aside because they never were properly served. (Mot. Vacate ¶ 6.) They also allege they were unaware of the suit until January 3, 2018. (*Id.*; Supp. to Mot. Vacate, ECF No. 33, p. 1.) The

3

evidence on the record, however, refutes their claim. All four Defendants were properly served long before the default judgment was entered, according to the evidence before the Court. Therefore, they cannot rely upon Rule 60(b)(4) for relief. And they have provided no evidence to support relief under any other provision in Rule 60(b); to the extent they rely on any provision other than Rule 60(b)(4), their motion would be barred for untimeliness. The motion is without merit. Defendants have established no basis for relief under Rules 55(c) and 60(b).

## V. Conclusion

For the foregoing reasons, the Court concludes Defendants' motion (ECF No. 32) is of no merit. Accordingly, it is DENIED. The Clerk SHALL AMEND the docket to remove Baltimore Homes, LLC, as a movant in ECF No. 32. The Clerk SHALL MAIL a copy of this memorandum and order to Defendants at the addresses shown on ECF No. 32.

DATED this  19  day of August, 2019.

BY THE COURT:

James K. Bredar
Chief Judge